# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,            )<br>                                                              )<br>       Plaintiff,                               )<br>                                                              )<br>v.                                                           )<br>                                                              )<br>INGRAM BARGE COMPANY LLC;   )<br>INGRAM MARINE GROUP;               )<br>THE M/V R. CLAYTON MCWHORTER; )<br>ING5801, IB1200, IN085141, TI3894,   )<br>IN995412, ING096041, ING4791, IN096076, )<br>IN164481, IN075046, IN085057, AND  )<br>IN075184                                            )<br>                                                              )<br>       Defendants.                          ) | Civil Action No. 3:21-cv-1125 |

## UNITED STATES OF AMERICA'S VERIFIED ADMIRALTY COMPLAINT

The United States of America ("United States"), for its Verified Complaint against Ingram Barge Company LLC and Ingram Marine Group (collectively "Ingram"), *in personam*, the M/V R. Clayton McWhorter, *in rem*, and barges, ING5801, IB1200, IN085141, TI3894, IN995412, IN096041, ING4791, IN096076, IN164481, IN075046, IN085057, and IN075184 (collectively referred to as "the Ingram barges"), *in rem*, alleges as follows:

### Nature of the Action

1. This is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2. The United States brings this action against Ingram, the M/V R. Clayton McWhorter, and the Ingram barges to recover the costs of repairing damage to a

navigational structure owned by the United States.

3. The United States asserts claims in this case under the general maritime law and the Rivers and Harbors Act (RHA), 33 U.S.C. §§ 401-476.

## Jurisdiction and Venue

4. The United States is authorized to file this suit by 28 U.S.C. § 1345.

5. This Court has jurisdiction over the subject matter and the parties in accordance with 28 U.S.C. §§ 1331, 1333, and 1345.

6. Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) because it is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

## Facts

7. Plaintiff United States is a sovereign nation authorized to sue under 28 U.S.C.§ 1345 (United States as Plaintiff). The United States Army Corps of Engineers is an agency of the United States.

8. The Melvin Price Locks and Dam is a navigation structure located on the Mississippi River near Alton, Illinois. The Melvin Price Locks and Dam is within the geographic boundaries of this District.

9. At all relevant times, the United States owned and operated, through the United States Army Corps of Engineers, the Melvin Price Locks and Dam.

10. At all relevant times, Ingram Barge Company LLC and Ingram Marine Group, Tennessee corporations, owned, operated, chartered, managed, or controlled the M/V R. Clayton McWhorter and the Ingram barges. The M/V R. Clayton McWhorter and the

Ingram barges were within the boundaries of this District at all material times.

11. Ingram uses the M/V R. Clayton McWhorter to tow barges on the inland waters of the United States, including the Upper Mississippi River.

12. On July 17, 2018, the M/V R. Clayton McWhorter and the Ingram barges were southbound on the Mississippi River. As the M/V R. Clayton McWhorter and Ingram barges approached the Melvin Price Locks and Dam's auxiliary lock chamber at about 11:00 a.m., the pilot was unable to control the vessel and its tow and struck the long wall at the facility. The wires connecting the M/V R. Clayton McWhorter and its tow parted, and the lead six barges struck the upstream auxiliary lock's miter gate while in the closed position.

13. The Melvin Price Locks and Dam's auxiliary lock miter gate was damaged as a result of the allision with the M/V R. Clayton McWhorter and the Ingram barges.

### Count I - Claim Against Ingram Barge Company LLC, Ingram Marine Group, the M/V R. Clayton McWhorter, and the Ingram barges for Negligence Under the <u>General Maritime Law</u>

14. The United States incorporates by reference Paragraphs 1 through 13 of this Complaint.

15. The accident and resulting damage to the Melvin Price Locks and Dam's auxiliary lock miter gate were proximately caused by the negligence and other fault of Ingram and their employees, including, but not limited to, the crew of the M/V R. Clayton McWhorter, and/or by the negligence and other fault of contractors and/or subsidiaries of one or more of Ingram, and/or by the unseaworthiness of the M/V R. Clayton McWhorter,

all of which were in the privity and knowledge of Ingram, and which negligence and other fault included, but was not limited to:

    A. The failure of the captain and crew of the M/V R. Clayton McWhorter to exercise reasonable care in the operation of the vessel;

    B. The failure of the captain and crew of the M/V R. Clayton McWhorter to properly navigate and control the vessel;

    C. The failure of the captain and crew of the M/V R. Clayton McWhorter to keep a proper lookout;

    D. The failure of the captain and crew of the M/V R. Clayton McWhorter to maintain a safe distance from the Melvin Price Locks and Dam;

    E. The failure of the captain and crew of the M/V R. Clayton McWhorter to safely navigate past the Melvin Price Locks and Dam;

    F. The failure of the captain and crew of the M/V R. Clayton McWhorter to take the necessary evasive maneuvers to avoid allision with the Melvin Price Locks and Dam's auxiliary lock miter gate;

    G. Operating the M/V R. Clayton McWhorter in a negligent and/or unseaworthy manner;

    H. Operating the M/V R. Clayton McWhorter without a properly trained and competent crew;

    I. Failing to ensure that the M/V R. Clayton McWhorter was in all respects fit and seaworthy for its intended purpose and use;

    J. Failing to properly vet and investigate the fitness of the pilot; and

K.  Other acts of negligence and/or fault, and/or unseaworthiness, to be established at the trial of this matter.

16.  Based on currently available information, it is estimated that the cost of repairing the damage to the Melvin Price Locks and Dam's auxiliary lock miter gate proximately caused by the negligence and other fault of Ingram, the M/V R. Clayton McWhorter, and the Ingram barges, including interest and penalties, totals approximately $3,044,156.44.

### Count II – Claim Against Ingram Barge Company LLC, Ingram Marine Group, the M/V R. Clayton McWhorter and the Ingram barges for Strict Liability Under the Rivers and Harbors Act

17.  The United States incorporates by reference Paragraphs 1 through 16 of this Complaint.

18.  The Melvin Price Locks and Dam is a public work built and maintained for the preservation and improvement of the navigable waters of the United States within the meaning of the RHA, 33 U.S.C. § 408.

19.  Ingram, as owner and operator of the M/V R. Clayton McWhorter, and the Ingram barges, is a "person" within the meaning of the Rivers and Harbors Act, as amended, 33 U.S.C. § 408.

20.  The Upper Mississippi River in the vicinity of the Melvin Price Locks and Dam is a navigable water of the United States within the meaning of 33 U.S.C. § 408.

21.  At all material times, the M/V R. Clayton McWhorter and the Ingram barges it towed were vessels "used and employed" within the meaning of 33 U.S.C. § 412.

22. Under the RHA, 33 U.S.C. §§ 408 and 412, Ingram Barge Company LLC, Ingram Marine Group, the M/V R. Clayton McWhorter, and the Ingram barges are strictly liable, and jointly and severally liable, to the United States for the full costs to repair the damage to the Mel Price Locks and Dam's auxiliary lock miter gate proximately caused by the Accident.

23. Based on currently available information, it is estimated that the cost of repairing the damage to the Melvin Price Locks and Dam's auxiliary lock miter gate proximately caused by the allision, including interest and penalties, totals approximately $3,044,156.44.

WHEREFORE, the United States prays that a judgment be entered in its favor against Ingram Barge Company LLC and Ingram Marine Group, *in personam*, the M/V R. Clayton McWhorter, *in rem*, and Ingram's barges ING5801, IB1200, IN085141, TI3894, IN995412, IN096041, ING4791, IN096076, IN164481, IN075046, IN085057, and IN075184, *in rem*, jointly and severally, for the total amount of the United States' damages proximately caused by the accident, plus interest and costs, and for such other relief as the Court deems proper.

Dated: September 13, 2021

                                          Respectfully submitted,

                                          BRIAN M. BOYNTON
                                          Acting Assistant Attorney General, Civil Division

                                          STEVEN D. WEINHOEFT
                                          United States Attorney

/s/ Jessica G. Sullivan
JESSICA G. SULLIVAN
Trial Attorney
United States Department of Justice
Civil Division, Torts Branch
Post Office Box 14271
Washington, DC 20044-4271
Telephone: (202)616-4044
Facsimile: (202) 616-4002
Email: jessica.sullivan@usdoj.gov

Attorneys for the United States

## **VERIFICATION**

Based upon information officially furnished to me, I declare under penalty of perjury, in accordance with 28 U.S.C. § 1746, that the foregoing is true and correct. Executed on September 13, 2021.

/s/ Jessica G. Sullivan
JESSICA G. SULLIVAN
Trial Attorney
U.S. Department of Justice
Torts Branch, Civil Division
